IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| IKE BROWN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 19-cv-3210 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Ike Brown Jr.'s Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 1).  Mr. Brown alleges he received ineffective assistance of counsel.  For the reasons below, the Court DENIES Mr. Brown's § 2255 Motion (d/e 1) and DECLINES to issue a certificate of appealability.

### I. BACKGROUND

A grand jury in the United States District Court for the Central District of Illinois charged Mr. Brown with possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count One); and

possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two).  <u>United States v. Brown</u>, Central District of Illinois, Springfield Division, Case No. 17-cr-30020-1 (hereinafter Crim.), Indictment (d/e 6).

On August 16, 2017, Mr. Brown pled guilty to both counts of the indictment without a written plea agreement.  The United States Probation Office prepared a revised Presentence Investigation Report (PSR).  Crim., PSR (d/e 31).  The PSR calculated a total offense level of 33 and a criminal history category of I, resulting in a sentencing guideline range of 135 to 168 months' imprisonment.  PSR ¶79.  Mr. Brown faced a statutory minimum sentence of ten years imprisonment on Count One, <u>see</u> 21 U.S.C. § 841(b)(1)(A), and a statutory minimum sentence of five years on Count Two, <u>see</u> 18 U.S.C. § 924(c)(1)(A)(i).  On December 12, 2017, this Court sentenced Mr. Brown to 120 months' imprisonment on Count One, and 60 months' imprisonment on Count Two to run concurrently.  Crim., Judgment (d/e 37).  Mr. Brown did not appeal.

Mr. Brown filed this Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 1) on December 28, 2018.  <u>See</u> Crim., d/e 43.  He argues: (1) that his counsel should have filed

a motion to suppress the evidence obtained from the search of his home; (2) that Count Two of the indictment did not apply to him and counsel should have challenged the application of Count Two; (3) that the Pike County Jail denied his requests to review the discovery and counsel failed to challenge the process for reviewing discovery or otherwise provide Mr. Brown with the discovery; and (4) that his plea was not knowing and voluntary because of his mental health issues and that he received ineffective assistance of counsel because counsel did not adequately accommodate Mr. Brown's condition.  The Government filed its response in opposition (d/e 23) on May 21, 2021.  Mr. Brown has not filed a reply.

## II. LEGAL STANDARD

Mr. Brown is proceeding on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process."  Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).  Post-conviction relief under § 2255 is "appropriate for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice."

Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted).

Here, Mr. Brown has alleged four errors by his trial counsel that, he contends, amount to ineffective assistance of counsel. The Sixth Amendment guarantees criminal defendants effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 684-86 (1984). Under Strickland's familiar two-part test, a petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result. Vinyard v. United States, 804 F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 690. A petitioner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "When evaluating an ineffective assistance of counsel claim, the Court should 'address each specific contention of defective performance separately. We then turn to the question of prejudice, which we assess by evaluating the trial as a whole, not one slip at a

time.'" Cook v. Foster, 948 F.3d 896, 901 (7th Cir. 2020); Myers v. Neal, 975 F.3d 611 (7th Cir. 2020) ("Where, as here, the record shows more than one instance of deficient performance, the Sixth Amendment requires that we approach the prejudice inquiry by focusing on the cumulative effect of trial counsel's shortcomings."). However, absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991). Therefore, the Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

The Sixth Amendment right to counsel extends to the plea-bargaining process. Bridges v. United States, 991 F.3d 793, 803 (7th Cir. 2021). "In the plea bargaining context, a reasonably competent lawyer must attempt to learn all of the relevant facts of the case, make an estimate of the likely sentence, and communicate the results of that analysis to the client before allowing the client to

plead guilty." Brock-Miller v. United States, 887 F.3d 298, 308 (7th Cir. 2018).  Mistakes, nor omissions, in an attorney's advice do not necessarily constitute ineffective assistance of counsel.  Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002).  "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1970); see also, Perrone v. United States, 889 F.3d 898, 908 (7th Cir.), cert. denied, 139 S. Ct. 654 (2018).  The defendant must also show that to reject the plea agreement and go to trial would have been rational under the circumstances.  Padilla v. Kentucky, 559 U.S. 356, 372 (2010); Lee v. United States, 137 S. Ct. 1958, 1968 (2017).  "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preference." Lee, 137 S. Ct. at 1967.

## III. DISCUSSION

### A. Counsel was not Ineffective For Failing to File a Motion to Suppress.

Brown first argues that counsel should have filed a motion to suppress the evidence obtained from a warrant-based search of his home. To show that counsel was ineffective for failing to file a motion to suppress, Mr. Brown must show that "there was both a reasonable probability that he would have prevailed on the motion to suppress and a reasonable probability that, if [the evidence] were suppressed, he would have been acquitted." Bynum v. Lemmon, 560 F.3d 678, 685 (7th Cir. 2009) (citing Strickland, 466 U.S. at 694); Hicks v. Hepp, 871 F.3d 513, 526 (7th Cir. 2017). Mr. Brown's barebones motion has not provided any legal argument as to why a motion to suppress would have succeeded.

The search of Mr. Brown's house was done pursuant to a search warrant that authorized a search for drug evidence. The Fourth Amendment to the United States Constitution provides, in relevant part, "[n]o warrants shall issue, but upon probable cause, . . . and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Probable

cause is not a high standard. It simply means there is a reasonable likelihood evidence of wrongdoing will be found." <u>United States v. Schenck</u>, No. 20-2353, 2021 WL 2767321, at *2 (7th Cir. July 2, 2021). A neutral magistrate judge must make the probable cause determination and must find that there is a "fair probability that contraband or evidence of a crime will be found in a particular place." <u>Illinois v. Gates</u>, 462 U.S. 213, 214, 103 S. Ct. 2317, 2320 (1983). The job of the "reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." <u>Id.</u> When an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit. <u>United States v. Peck</u>, 317 F.3d 754, 755 (7th Cir. 2003).

Here, the affidavit in support of the search warrant was made by Officer Tammy Baehr of the Springfield Police Department. See Gov't Resp., Exhibit A (d/e 23-1). She stated that, in December 2016, a confidential source told her that Mr. Brown was selling ICE methamphetamine at his house and that Mr. Brown obtains this methamphetamine by travelling to Arkansas. As a result of this tip, Baehr began conducting surveillance at Mr. Brown's house. On

March 3, 2017, a second confidential source told Baehr that the individual had seen a black male known as "Spud" sell methamphetamine, which was confirmed to be Mr. Brown. On March 19, 2017, the second confidential source told Baehr that Mr. Brown was going to be conducting a large sale of methamphetamine to an unknown individual within an hour or so. Baehr promptly began conducting surveillance and observed Mr. Brown exit his residence and place several items in the trunk of his vehicle before driving away. Officers nearby conducted a traffic stop after the vehicle failed to signal 100 feet prior to turning. The officer smelled a strong odor of raw cannabis emitting from the vehicle and asked Mr. Brown to step out. Brown admitted to having cannabis and pulled out a plastic bag of suspected cannabis. Officer's then found approximately 85 grams of methamphetamine on Mr. Brown's person. Based on these statements and other evidence in the affidavit, officers obtained a search warrant for Mr. Brown's residence.

The Court finds that the affidavit sufficiently established probable cause that Mr. Brown was dealing drugs and that evidence of his drug dealing would be found in his house. The Seventh

Circuit has repeatedly noted that "evidence of drug dealing is likely to be found where the dealer lives." United States v. Scott, 731 F.3d 659, 665 (7th Cir. 2013) (citing Singleton, 125 F.3d at 1102); see also United States v. Burnside, 588 F.3d 511, 519 (7th Cir. 2009); Anderson, 450 F.3d at 303; United States v. Mykytiuk, 402 F.3d 773, 778-779 (7th Cir. 2005); United States v. Reddrick, 90 F.3d 1276, 1281 (7th Cir. 1996); Lamon, 930 F.2d at 1189. Mr. Brown has not identified any reason why the warrant would not be valid. Accordingly, Mr. Brown's has not shown that trial counsel was ineffective for failing to file a motion to suppress or how the failure to file a frivolous motion to suppress could have caused him any prejudice. See Resnick v. United States, No. 20-1221, 2021 WL 3362000, at *5 (7th Cir. Aug. 3, 2021) ("As we have held, counsel does not need to raise meritless arguments" (citing Long v. United States, 847 F.3d 916, 920 (7th Cir. 2017)).

### B. Counsel Was Not Ineffective for Failing to Challenge Count Two of Indictment.

Mr. Brown next argues that there was not sufficient evidence to support a conviction under Count Two of the indictment and that counsel was, therefore, ineffective for advising and allowing Mr.

Brown to plead guilty to this offense. Count Two of the indictment charged Mr. Brown with possessing a firearm during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Under 18 U.S.C. § 924(c) it is a crime to use or carry a firearm "during and in relation to a crime of violence or drug trafficking crime." Mr. Brown has provided no explanation for why he believes that there was not sufficient evidence that he committed this offense and the record of the change of plea hearing refutes his claim.

At the change of plea hearing on August 16, 2017, before Judge Schanzle-Haskins, the Government summarized the evidence they would present if the case were to go to trial. In relevant part, the Government stated that, in the search of Mr. Brown's residence, officers found approximately 2500 grams of ice methamphetamine, "a loaded .40 caliber handgun, digital scale, plastic baggies, and additional ammunition. All these items were found inside the same dresser inside the defendant's room at that residence." See Gov't Resp., Ex. B at p. 21 (d/e 23-2). Further, the Government stated that "the .40 caliber firearm was possessed in furtherance of that drug trafficking crime." Id. Judge Schanzle-Haskins then asked:

>    THE COURT:  And, Mr. Brown, do you agree with the Government's summary of what you did, sir?
>
>    BROWN:  Yes, Sir.
>
>    THE COURT:  And did you do what the Government says you did?
>
>    BROWN: Sure.  Yes, sir.

Id. at p.22.

Accordingly, the Court finds that Mr. Brown admitted at the change of plea hearing that the Government had evidence that he had a firearm and that Mr. Brown used that firearm during and in relation to a drug trafficking crime.  The drug trafficking crime in which Mr. Brown used the firearm was the offense charged in Count One, which he does not challenge in this motion.  The Court finds that Mr. Brown has not shown that trial counsel's conduct in advising him to plead guilty to Count Two was either deficient or prejudicial.  His claim, therefore, is meritless.

## C. Mr. Brown Had Adequate Opportunity to Review Discovery.

Mr. Brown next argues that Pike County Jail denied his requests to view his discovery electronically and that counsel was ineffective for not challenging Pike County Jail's process or

providing another way for him to view his discovery.  The record shows that Mr. Brown's trial counsel filed a Motion for Electronic Review of Pretrial Discovery by Defendant in a Correctional Facility, which the Court granted.  <u>See</u> Crim., Motion (d/e 10); Crim., Order (d/e 16).  Pursuant to the Court's Order, Mr. Brown was allowed to access his pre-trial discovery on a laptop subject to the procedures set up at the Pike County Jail.  <u>Id.</u>  The Government has also submitted evidence from the Pike County Jail showing that Mr. Brown <u>did</u> review his electronic discovery on July 19, 2017 for approximately 16 minutes.  <u>See</u> Gov't Response, Ex. C. (d/e 10-2).

    Mr. Brown has not provided any details about what further requests he made to see his discovery, why they were allegedly denied, and whether he informed his trial counsel.  Moreover, at Mr. Brown's change of plea hearing, Mr. Brown told Magistrate Judge Schanzle-Haskins that he had had sufficient time to discuss his case with trial counsel and that he was satisfied with trial counsel's representation.  Gov't Resp., Ex. B, P.Tr. at p.8 (d/e 23-2).  At sentencing, this Court asked Mr. Brown if he was satisfied with trial counsel's representation and, again, Mr. Brown responded that he was satisfied with trial counsel's representation.  Crim., S. Tr. at

p.4 (d/e 46).

Without even an allegation that counsel knew Mr. Brown was having trouble reviewing the discovery, the Court finds that Mr. Brown cannot meet his burden of showing that his counsel's conduct was deficient.  Moreover, Mr. Brown has made no showing of how further review of his discovery would have impacted his decision to plead guilty or otherwise impacted the outcome of this case.  See also Mendoza v. United States, 755 F.3d 821, 832 (7th Cir. 2014) (denying ineffective assistance of counsel claim based on failure of counsel to translate all discovery to petitioner's native language because there was "no showing of how translating the discovery or counsel's further review of discovery with Mendoza would have changed Mendoza's ability to prepare for or participate in his trial or otherwise would have affected the trial's outcome."); United States v. Williams, 616 F.3d 685, 690 (7th Cir. 2010) (denying ineffective assistance of counsel claim based on failure to review video evidence with defendant prior to trial because defendant showed only a "remote possibility" of a different outcome, and not a "responsible probability").  Accordingly, the Court finds that this allegation of ineffective assistance of counsel is meritless.

## D. Mr. Brown's Mental Health Issues Were Adequately Addressed.

Mr. Brown's final claim is that his guilty plea was not knowing and voluntary due to his mental health issues and that counsel was ineffective for failing to have Mr. Brown evaluated and failing to "adequately accommodate [Mr. Brown's] condition." Mr. Brown provides no further details as to his mental health issues or why it would have made him unable to knowingly and voluntarily enter a plea, any allegation that counsel knew of such an impairment, or any indication of what counsel should have done to "accommodate" Mr. Brown's condition.

Nor does the record provide any support for Mr. Brown's assertions. At the change of plea hearing, Magistrate Judge Schanzle-Haskins engaged in the required plea colloquy and established multiple times that Mr. Brown knew the purposes of the change of plea hearing and was knowingly and voluntarily proceeding. Gov't Resp., Ex. B, P.Tr. at p.5-8 (d/e 23-2). Mr. Brown informed the Court that he was seeking treatment for mental health issues, but that this treatment would not prevent him from understanding what was happening at the hearing. Id. at p. 6. The

Magistrate Judge found that, "[b]ased upon Mr. Brown's responses to my questions, my personal observations of him here, and the representations of the lawyers involved, I find that he's competent to understand these proceedings and enter a knowing plea of guilty." Id. at p.8.

In advance of sentencing, trial counsel addressed Mr. Brown's history of mental-health issues in the sentencing commentary, memorandum of law, and mitigation report filed on Mr. Brown's behalf. Crim., Def. Commentaries (d/e 33, 34). At the sentencing hearing, trial counsel also raised Mr. Brown's mental health issues as part of his mitigation argument. Crim., S.Tr. at p. 11-12 (d/e 46). Accordingly, the record shows that trial counsel was not only aware of Mr. Browns mental health issues, but counsel also brought them to the Court's attention for purposes of mitigation.

Mr. Brown's barebones conclusory statement that his plea was not knowing and voluntary due to his mental health issues and that his counsel was ineffective for failing to address his mental health issues is insufficient for relief and belied by the record of this case. Accordingly, this ground for relief is also denied as meritless.

## IV. **CERTIFICATE OF APPEALABILITY**

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, the movant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. The Court does not find that reasonable jurists could disagree with the Court's findings that Mr. Brown's claims are

meritless.  Accordingly, the Court declines to issue a certificate of appealability.

## V.  CONCLUSION

For the reasons stated above, Petitioner Ike Brown Jr.'s Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 1) is DENIED.  The Court DECLINES to issue a Certificate of Appealability.  This case is CLOSED.  The Clerk is DIRECTED to prepare the Judgment.

**ENTER: August 5, 2021**

        **/ s/ Sue E. Myerscough**
        **SUE E. MYERSCOUGH**
        **UNITED STATES DISTRICT JUDGE**